## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| LISA SHROUF and GARY SHROUF, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:06CV39SNL |
| ) | |
| MICHAEL KITE, ET. AL.,, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiffs have filed this §1983 action alleging that certain remarks and "taunting" by the defendants, while their decedent son William Shrouf was in their custody, caused him to "flee" and commit suicide. This matter is before the Court on defendant Grissom's motion to compel (#22), filed May 18, 2007. Responsive pleadings have been filed.

Defendant seeks a court order directing plaintiff Lisa Shrouf to reveal the source; i.e. the name of the person(s) from whom she obtained a copy of the Missouri State Highway Patrol's investigative report of the suicide of decedent William Shrouf. Evidently, this report was not for public consumption and Ms. Shrouf obtained the report serruptiously. She testified at her deposition that she was unwilling to reveal who gave her the report because she did not want to get "anybody in trouble". Defendant's Exhibit 2 - Deposition of Plaintiff Lisa Shrouf, pg.s. 106-107. Ms. Shrouf's counsel advised her not to answer the question regarding the identity of the person who gave her the report as not relevant to the case.

Defendant now seeks an order directing Ms. Shrouf to answer the question regarding the identity of who gave her the report contending that such information is necessary because it shows potential bias of the plaintiff; identifies a potential witness in the case, and shows potential

bias of such witness. Furthermore, defendant Grissom speculates that a co-defendant may have given her a copy of the report.

After careful consideration of the matter, and review of the parties' pleadings, the Court will deny the motion. The Court agrees that the bias of the plaintiff, the mother of the decedent, is not relevant to any issue regarding the defendants' actions regarding decedent and allegedly giving rise to his flight and suicide. Furthermore, the mere fact that someone gave Ms. Shrouf the report does not make said person a witness with information regarding the defendants' actions concerning the decedent and allegedly giving rise to his flight and suicide. Although plaintiff may have obtained the report in an unorthodox manner, even perhaps from a co-defendant, this is not cause for her to reveal how she obtained it. Such an issue is one of admissibility. At this point in time, the details as to how she obtained the report is not discoverable via a court order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Grissom's motion to compel (#22) be and is **DENIED.**

Dated this ___5th___ day of June, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE